Cease v. De Hek.

---

No. 27,112.

Alice Cease, *Appellant,* v. Mary A. De Hek et al., *Appellees.*

SYLLABUS BY THE COURT.

Evidence — *Varying Terms of Unambiguous Written Instrument.* Where a written contract is not ambiguous, judgment should be rendered on it according to its terms although evidence is admitted to explain, add to, and vary its meaning.

Appeal from Douglas district court; Hugh Means, judge. Opinion filed February 12, 1927. Reversed.

*C. A. Smart,* of Lawrence, for the appellant.

*J. B. Wilson, R. E. Melvin* and *George K. Melvin,* all of Lawrence, for the appellees.

The opinion of the court was delivered by

Marshall, J.:    The plaintiff commenced this action to enforce the delivery of a deed which had been placed in escrow with the Farmers State Bank of Vinland under a contract by which Cyrus Bolton purchased certain real property of the defendant for a stipulated price and which had been by Cyrus Bolton assigned to the

Evidence, 22 C. J. pp. 1070 n. 34, 1104 n. 98, 1114 n. 61, 1177 n. 49; 17 L. R. A. 274; 10 R. C. L. 1064.

plaintiff. The bank filed a disclaimer. Issue was joined as between the plaintiff and defendant Mary A. De Hek. The case was called for trial, and oral evidence was introduced to show whether or not interest was to be paid on the payments named in the contract. The judgment was that the plaintiff take nothing. There was a finding that under the contract there was due to Mary A. De Hek the sum of $315.37, which had not been paid. The plaintiff appeals.

Part of the contract was as follows:

"In consideration of which the said party of the second part hereby covenants and agrees to pay to the said party of the first part, her heirs or assigns, for the said real estate, the sum of three thousand three hundred fifty dollars ($3,350) in the following manner, to wit: One thousand dollars ($1,000) in cash, the receipt of which is hereby acknowledged, and fifty dollars ($50) on the first day of each and every month, commencing on the first day of December, 1921, until the remaining two thousand three hundred fifty ($2,350) shall have been paid. The indebtedness herein mentioned is solely for the purchase price of said premises. The said monthly payments of fifty dollars ($50) include interest at the rate of 7 per cent per annum. All payments to be made to the Farmers State Bank of Vinland, Kansas."

The plaintiff contends that "the court erred in holding that the contract in suit was so far ambiguous as to admit oral testimony."

The plaintiff argues that no evidence should have been introduced to explain the terms of the contract. She contends that the contract is not ambiguous and that the expression contained in it, "the said monthly payments of fifty dollars ($50) include interest at the rate of 7 per cent per annum," means that no interest shall be paid on any part of the purchase price named in the contract. The defendant argues that this language means that interest at seven per cent per annum shall be paid on unpaid installments named in the contract. With the parties making these contentions at the trial, the court heard evidence concerning the negotiations for the contract.

The contract was not ambiguous and no evidence should have been admitted to add to, contradict, or vary its terms. After the evidence was introduced, the contract remained as it was written. The payments provided for in it included interest on the purchase price for the property. No additional interest could be collected under the contract, and judgment should have been rendered according to its terms. The record discloses that all payments provided for in the contract had been made. Notwithstanding the evidence that was introduced, the plaintiff was entitled to the deed.

The judgment is reversed, and the trial court is directed to enter judgment for the plaintiff as prayed for in her petition.